UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

APPA SEAFOOD, INC.,
    Plaintiff,

v.

Case No. 2:12-CV-01095
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Terence P. Kemp

OBETZ TRANSPORTATION,
INC., et al.,
    Defendants.

## OPINION AND ORDER

This matter is before the Court on Plaintiff APPA Seafood, Inc.'s (APPA) motion for default judgment against Defendant Obetz Transportation, Inc. (Obetz). Doc. 28. The motion is **DENIED** without prejudice according to this opinion and order.

### I.

APPA filed its initial complaint in this case in November of 2012 against three Defendants: Obetz, Fire & Ice Transport, LLC (Fire & Ice), and McKee Transport (McKee). It obtained an entry of default against Obetz in July of 2013, doc. 25, and then moved for default judgment soon thereafter, doc. 28. The motion has remained pending since then. *See Kimberly v. Coastline Coal Corp.*, No. 87-6199, 1988 WL 93305, at *3 (6th Cir. Sept. 9, 1988) ("When a default is entered against one defendant in a multi-defendant case, the preferred practice is for the court to withhold granting a default judgment until the trial of the action on the merits against the remaining defendants."). As the motion for default judgment against Obetz remained pending, APPA filed an amended complaint in November of 2013 bringing claims against both McKee and Obetz, but not against Fire & Ice. *See* doc. 39; doc. 56 at 2. One of the two Defendants remaining, McKee, then filed a motion for summary judgment on all counts, which

1

was recently granted. *See* doc. 56. This leaves Obetz as the only remaining Defendant, meaning the motion for default judgment is now ripe. *See Kimberly*, 1988 WL 93305, at *3.

## II.

APPA's amended complaint, filed after it obtained an entry of default on the original complaint, renders the motion for default judgment moot. "An amended complaint supersedes an earlier complaint for all purposes." *In re Refrigerant Compressors Antitrust Litig.*, 731 F.3d 586, 589 (6th Cir. 2013). In other words, "the earlier complaint is a dead letter and no longer performs any function in the case." *Connectu L.L.C. v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008) (citation omitted) (internal quotation marks omitted). The courts in this circuit that have faced the situation presented here have thus concluded that "[a] motion for default judgment based on an entry of default on an earlier complaint becomes moot once the amended complaint is filed." *Faulkner v. Transp. Made Simple, Inc.*, 09-2233, 2010 WL 711152, at *1 (W.D. Tenn. Jan. 28, 2010), *report and recommendation adopted in part*, 2:09-CV-02233, 2010 WL 711148 (W.D. Tenn. Feb. 22, 2010); *see also United States ex rel. SimplexGrinnell, L.P. v. Aegis Ins. Co.*, No. 1:08-CV-01728, 2009 WL 577286, at *3 (M.D. Pa. Mar. 5, 2009) (denying motion for default judgment because "the original complaint upon which the motion for default judgment relied no longer exists"). The Court here agrees. APPA's motion for default judgment is denied without prejudice to its renewal once APPA obtains a new entry of default against Obetz as to its amended complaint.

## III.

For the reasons stated, APPA's motion for default judgment, doc. 28, is **DENIED** without prejudice according to this opinion and order.

2

IT IS SO ORDERED.

\_\_\_5-16-2014\_\_\_  
**DATED**

_____  
**EDMUND A. SARGUS, JR.**  
**UNITED STATES DISTRICT JUDGE**